IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TROY HAMMER,

                Plaintiff,              OPINION AND ORDER

    v.

                                           20-cv-202-wmc

CHRISTOPHER BORTZ and
CHRISTOPHER OLSON,

                Defendants.

---

This matter is before the court on the Seventh Circuit's remand to resolve *pro se* plaintiff Troy Hammer's motion to reopen the time to appeal under Federal Rule of Appellate Procedure 4(a)(6) (dkt. #99), which will be granted.

Rule 4(a)(6) permits this court to reopen the time to file a notice of appeal if: (1) the court finds that the party did not receive notice of the judgment under Federal Rule of Civil Procedure 77(d) within 21 days of when the judgment was entered; (2) that party requests relief within 180 days of judgment or 14 days after he receives notice, whichever is earlier; and (3) the court finds that no party would be prejudiced. *Carter v. Hodge*, 726 F.3d 917, 919 (7th Cir. 2013). Rule 77(d)(1) further directs the clerk of court to serve notice of the entry of judgment on each party not in default in accordance with Federal Rule of Civil Procedure 5(b), and to record that service on the docket.

As for the first requirement, although judgment was entered on January 25, 2023, the docket does not show that the clerk served the judgment on Hammer in accordance with Rule 5(b). Instead, the file-stamp entry associated with the judgment shows that the notice to Hammer would be delivered "by other means." Since this court's practice is to

mail judgments to *pro se* litigants, it is *likely* that the clerk mailed the judgment to Hammer's address at the Wisconsin Resource Center. However, there is no indication in the docket of this case as to how that notice was actually delivered. Moreover, under Rule 4(a)(6), a party receives notice of the judgment when it "arrives at the litigant's address," not when mailed by the clerk. *Khor Chin Lin v. Courtcall, Inc.*, 683 F.3d 378, 380 (7th Cir. 2012). Because the court cannot determine whether the clerk served Hammer with the judgment through any of the means of service listed under Rule 5(b), it follows that the court cannot determine that Hammer received notice of that judgment, particularly in the face of Hammer's submissions starting in April of 2023 suggesting that he did not receive notice of the judgment by virtue of the court's service.

In particular, Hammer wrote a letter to the court dated April 12, 2023, asking for a status update because he had not received a decision from the court on defendants' motion for summary judgment. (Dkt. #84.) The court responded in a letter dated April 18, 2023, attaching the January 25, 2023, summary judgment opinion and order, along with a copy of the final judgment. Hammer then filed a notice of appeal, which he dated April 25, 2023, and the court received on May 1, 2023. (Dkt. #86-1.) Hammer also attached a declaration to his notice of appeal, declaring under penalty of perjury that he did not receive the court's January 25, 2023, judgment in defendants' favor, "when and after it was initially made." (Dkt. #86-1.)

Given Hammer's sworn statements and the clerk's apparent failure to record the method of service in the docket, the court is persuaded and finds that: (1) Hammer did not receive notice of the judgment in defendants' favor within 21 days of when the final

2

judgment was entered; and (2) Hammer filed his notice of appeal within 14 days of his actually receiving notice. The court also finds that no parties will be prejudiced by reopening the time to appeal, since the fact that defendants may now have to defend this appeal is not prejudicial. *See* Fed. R. App. P. 4 advisory committee notes to 1991 amendment (prejudice is "some adverse consequence *other than* the cost of having to oppose the appeal and encounter the risk of reversal") (emphasis added). Therefore, the court will grant Hammer's motion to reopen the time to appeal.

ORDER

IT IS ORDERED that plaintiff's motion to reopen time to appeal (dkt. #86) is GRANTED.

Entered this 27th day of June, 2023.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge